## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JERMAINE NEAL                                                                   PETITIONER

v.                                                                    No. 3:25CV125-MPM-RP

BURL CAIN                                                                        RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jermaine Neal for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [11] to dismiss the petition on multiple grounds; the petitioner has responded [12] to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id*.

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

- 2 -

**Facts and Procedural Posture[1]**

**Conviction and Sentence**

Neal is presently in the custody of MDOC and housed at the Marshall County Correctional Facility in Holly Springs, Mississippi.   Doc. 1.   In 2007, a jury convicted Neal of murder in the Tallahatchie County Circuit Court, and the trial court sentenced him to life imprisonment.   **Exhibit A** (Trial, Verdict of the Jury and Sentence).[2]   On June 4, 2009, the Mississippi Supreme Court affirmed Neal's conviction of murder and sentence of life imprisonment.   *See Neal v. State*, 15 So. 3d 388 (Miss. 2009).

**MDOC Administrative Remedy Program (ARP) Proceedings**

On April 6, 2022, the MDOC ARP received a grievance from Neal requesting a "parole eligibility date" on his time sheet because his sentencing order "clearly state[d] that [he] was sentenced to 'life' not 'life without parole.'"   **Exhibit B** at 4 (ARP No. MCCF 22-54).   In the First Step Response, the MDOC ARP denied the requested relief because Neal's "charge of murder is not eligible for parole."   **Exhibit B** at 8 (ARP No. MCCF 22-54).   Dissatisfied with the first step response, he proceeded to step two, arguing that the parole statutes are ambiguous and take away his parole eligibility.   **Exhibit B** at 11 (ARP No. MCCF 22-54).[3]   In the Second

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

[3] The murder statute is substantially the same now as it existed at the time of Neal's crime and conviction, except that now, the statute designates "degrees" of murder.   *See* Miss. Code Ann. § 97-3-19(1) (Rev. 2000, 2017).   "Deliberate design" murder in subsection (a), Neal's charged crime, is now designated as "first-degree" murder.   *See* Miss. Code Ann. § 97-3-19(1) (Rev. 2000, 2017).   The mandatory punishment for "deliberate design" murder was the same at the time of Neal's conviction as it is now for "first degree" murder-"imprisonment for life in" MDOC custody.   *See* Miss. Code Ann § 97-3-21 (Rev. 1994, 2013, 2024).   Further, Neal's parole eligibility is the same now as it existed at the time of his conviction.   *See* Miss.

Step Response, the MDOC ARP again denied his request and informed Neal that his "crime of murder committed on or after 7/1/1995 is not eligible for a parole date. Your crime of murder was committed 8/22/2006. You are not eligible for parole date on your 9/18/2007 sentence." **Exhibit B** at 12 (ARP No. MCCF 22-54).[4] Neal's MDOC inmate time sheet confirms that he is serving a term of life imprisonment on his 2007 murder conviction in the Tallahatchie County Circuit Court, and he does not have a parole eligibility date. **Exhibit C** (Inmate Time Sheet).

### Circuit Court Proceedings

On August 23, 2022, Neal filed a "complaint" with the Hinds County Circuit Court asserting that MDOC erred by not updating his time sheet with a parole eligibility date. Doc. 10-1 at 6–48 (SCR, Hinds County Circuit Court, 2022-563, MEC Doc. 1). On January 12, 2023, the Hinds County Circuit Court transferred Neal's complaint to the Marshall County Circuit Court. Doc. 10-1 at 88 (SCR, Hinds County Circuit Court, 2022-563, MEC Doc. 5). The Marshall County Circuit Court affirmed MDOC's decision "that offenders convicted of murder committed after July 1, 1995 are not eligible for parole." **Exhibit D** (Marshall County Circuit Court Order); Doc 10-2 at 210 (SCR, Marshall County Circuit Court, 2023-42, MEC Doc. 12).[5]

On May 2, 2023, Neal appealed the Marshall County Circuit Court's decision challenging MDOC's decision and venue. Doc. 10-2 at 212 (SCR, Marshall County Circuit Court, 2023-42,

---

Code Ann. § 47-7-3 (Rev. 2005, 2021, 2024). Current subsection (d) was previously subsection (g); however, a person sentenced for murder after June 30, 1995, remains ineligible for parole, as discussed in detail below. *See* Miss. Code Ann. § 47-7-3 (Rev. 2005, 2021, 2024).

[4] June 30, 1995, is the proper date as provided in Miss. Code Ann. § 47-7-3 ("crime was committed on or after June 30, 1995"); nonetheless, Neal's crime was committed in 2006 – rendering him ineligible for parole on his murder conviction.

[5] Again, *see* footnote 4.

- 4 -

MEC Doc. 14).   Neal raised seven issues for appellate review, including allegations of due process, equal protection, and ex post facto violations.   Doc. 10-3 at 290–291 (SCR, 2023-625 Briefs).   On June 25, 2024, the Mississippi Court of Appeals affirmed the venue transfer to Marshall County Circuit Court – and affirmed MDOC's decision.   **Exhibit E** (*Neal v. Cain*, 401 So. 3d 187, 190 (Miss. Ct. App. 2024), *reh'g denied*, Oct. 22, 2024, *cert. denied*, Feb. 6, 2025); Doc. 10-2 at 272–282 (SCR, Marshall County Circuit Court, 2023-42, MEC Doc. 41).   The Mississippi Court of Appeals held that "[b]ecause venue was proper in Marshall County Circuit Court and because this Court reviews the underlying order of the administrative agency anyway, any error in transferring Neal's appeal to a different, proper venue was harmless," and "the Marshall County Circuit Court did not err by affirming MDOC ARP's decision denying Neal a parole date."   *See* **Exhibit E**; Doc. 10-2 at 282 (SCR, Marshall County Circuit Court, 2023-42, MEC Doc. 41).

Neal sought rehearing, arguing that MDOC's decision violated the ex post facto, due process, and equal protection clauses.   Doc. 10-5 at 539–549 (SCR, 2023-625 Case Folder). The Mississippi Court of Appeals denied Neal's motion for rehearing.   Doc. 10-5 at 537 (SCR, 2023-625 Case Folder).   Neal then filed a petition for certiorari in the Mississippi Supreme Court, arguing that the 2021 and 2024 amendments do not apply to him, and "to say otherwise … would be repugnant to" the due process clause and equal protection clause.   Doc. 10-6 at 693 (SCR, 2023-625 Certiorari Folder).   Further, he argued that "applying a sentence of life without parole … a sentence not available nor prescribed for murder pursuant to 97-3-19(1)(a) when Neal committed his crime, clearly violated the prohibition against ex post facto laws."   Doc. 10-6 at 694 (SCR, 2023-625 Certiorari Folder).   The Mississippi Supreme Court denied certiorari. Doc. 10-6 at 678 (SCR, 2023-625 Certiorari Folder).

**Federal *Habeas Corpus* Proceedings**

On April 15, 2025 (with a signature date of April 8, 2025), Neal filed this § 2241 petition

challenging MDOC's denial of his ARP request to update his time sheet with a parole date.

Doc. 1. He sets forth four grounds for relief:

> **Ground One**: The Mississippi Supreme Court declined to adhere to its own
> precedent and thus deprived petitioner his substantive due process right to a
> fundamentally fair determination and a denial of the right to the equal protection
> of law and due process.
>
> **Ground Two**: The agency's denial of his request for administrative remedy
> (ARP) relief and thus a parole date is/was clearly erroneous and in conflict with §
> 47-7-3(1)(h)(i)(2) (2021), § 4-7-3(1)(h)(i)(2) (2024), and § § 97-3-2(1)(b) (2014).
>
> **Ground Three**: Mississippi Code Section § 47-7-3(1) is repugnant to and
> violative of the petitioner's right to be free from ex post facto laws and,
> potentially vindictive legislation, because (d) is not only in conflict with § 47-7-
> 3(1) but is also in conflict with § 47-7-3(1)(h)(i)(2) within the same state parole
> statute § 47-7-3; thereby resulting in a clear denial of Neal's due process rights
> and equal protections rights.
>
> **Ground Four**: The ambiguity and inconsistency within § 47-7-3 regarding
> "parole eligibility" for murder invokes the court's application of the "rule of
> lenity" to resolve the ambiguity in accordance with "fundamental fairness"
> embodied in due process.

*Id*.

Neal seeks a ruling from the court that: (1) § 47-7-3(1)(d) violates the ex post facto, due

process, and equal protection clauses; (2) § 47-7-3(1)(h)(i)(2)(2021), § 4-7-3(1)(h)(i)(2)(2024)

and § 97-3-2(1)(b) (2014) create a state statutory liberty interest in parole release that is entitled

to protection under the due process clause; (3) the mandatory language "shall" in § 47-7-

3(1)(h)(i)(2) creates a presumption that parole release will be granted based upon certain criteria;

(4) the inclusion of the word or language "may" in both § 47-7-3(1) and § 47-7-3(1)(h)(i) uses

discretionary language that creates a presumption that the offense of murder may be granted

parole upon the findings and recommendations of the Mississippi Parole Board after a hearing before the Board; and (5) the rule of lenity must be invoked to resolve the ambiguity and conflict between § 47-7-3(1)(d) (murder) and § 47-7-3(1)(h)(i)(2) (violent crimes). Neal also requests any "injunctive relief necessary". Doc. 1. at 25. The court discusses the issues, in turn, below.

### All Grounds for Relief Must Be Dismissed for Want of Substantive Merit

The gravamen of all four of Neal's grounds for relief is his belief that MDOC has improperly decided that he is not eligible for parole. He is simply mistaken as to this core issue, as he has *never* been eligible for parole. He was not eligible for parole after his 2007 conviction (under the 2005 version of the parole statute), and no later version of the statute allows for parole, either.

In 2007, he was indicted, convicted, and sentenced for the crime of murder under § 97-3-19(1)(a). **Exhibit A**. At that time, he was ineligible for parole on that charge under Miss. Code Ann. § 47-7-3(1)(g) – which was in effect at the time of his conviction. Further, neither the 2021 nor 2024 amendments to the parole laws have altered his parole eligibility. *See* Miss. Code Ann. § 47-7-3(2021) and (2024).

Put plainly, *no* version of the relevant statute allows parole for Neal's murder conviction. *See* Miss. Code Ann. § 47-7-3(1)(g)(Rev. 2005) ("No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995"); § 47-7-3(1)(d)(Rev. 2021) ("No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995, ... shall be eligible for parole."); and § 4-7-3(1)(d)(Rev. 2024) ("No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995 ... shall be eligible for parole"). For this reason, alone, the instant petition for writ of *habeas corpus* must be dismissed with prejudice for want of substantive merit.

**Due Process**

Neal's due process claim regarding MDOC's denial of his request to update his time sheet with a parole date must be dismissed because it fails to state a valid claim for federal *habeas corpus* relief. To obtain relief under 28 U.S.C. § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To state a cognizable *habeas corpus* claim, Neal must be "deprived of some right secured to him by the Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Neal refers to federal constitutional rights; however, he ultimately seeks parole eligibility under Mississippi's parole statutes.

Parole eligibility in Mississippi is a matter of state law – not federal law. *See* Miss. Code Ann. §§ 47-7-1, *et seq.* Parole in Mississippi is discretionary; as such, "prisoners in the state have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). "A petition for federal *habeas corpus* relief based on an argument that state courts are incorrectly applying their own law [ ] is not a basis for relief." *Id.* at 312 (citations omitted). Indeed, without a liberty interest in parole "[a prisoner] cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Wansley,* 769 F.3d at 312–13 (citation omitted).

**The Petitioner's Argument Alleging Ambiguity of the
Mississippi Parole Statutes Is Without Substantive Merit**

Neal's argument rests on his belief that Mississippi parole statutes are unclear. He contends in Ground 4 of his petition that "the rule of lenity" applies "to resolve the ambiguity" within the parole statutes for murder "in accordance with 'fundamental fairness' embodied in due process." Doc. 1 at 16. The statutes are not, however, ambiguous.

Neal is correct that Miss. Code Ann. § 47-7-3(1)(h)(i)(2) provides that "a person who is sentenced for a violent offense as defined in section 97-3-2 for a crime committed after June 30, 1995 'shall' be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever, is less, of the sentence or sentences imposed by the trial court."   Miss. Code Ann. § 47-7-3(h)(i)(2)(Rev. 2021).   He believes that the statute's "mandatory language ('shall') creates a presumption that parole release will be granted."   Doc. 1 at 18.   However, Neal's ineligibility for parole is clear because the *first* part of § 47-7-3(h)(i) states "*Except as provided in paragraphs (a) through (g) of this subsection*, offenders may be considered eligible for paroles release as follows" under (1), (2) and (3).   Miss. Code Ann. § 47-7-3(h)(i) (emphasis added).   Neal's conviction falls under the exception in paragraph (d) for murder – that "no person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995, … shall be eligible for parole."   Miss. Code Ann. § 47-7-3(d).   This argument, therefore, fails on the merits.

Ultimately, as Mississippi parole statutes create no constitutionally protected liberty interest in parole to which procedural due process may attach, Neal's claim that MDOC violated due process by denying him an updated time sheet with a parole date fails.   Neal's ineligibility for parole rests entirely on Mississippi law.   As such, his due process challenge to his parole eligibility fails to state a valid claim for federal *habeas corpus* relief.   He has alleged no violation of a constitutionally protected or federal right.   *See Wansley*, 769 F.3d at 312.   For these reasons, Neal's claim that denial of his eligibility for parole must be dismissed with prejudice for failure to state a valid *habeas corpus* claim.

**Neal's Equal Protection Claim May Also Be Dismissed**
**Without Prejudice for Failure to Exhaust State Remedies[6]**

Neal argues that the State violated his right to equal protection of the laws regarding the change of venue in his criminal case from Hinds County to Marshall County. An equal protection claim could, if proven, state a cognizable claim for federal *habeas corpus* relief – but must still be exhausted. *Irving*, 732 F.2d at 1218 (emphasis added). Neal has not, however, exhausted his available state remedies before seeking federal *habeas corpus* relief regarding this claim; as such, his equal protection claim must be dismissed without prejudice.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Supreme Court has identified a judicially crafted requirement of exhaustion of state remedies applicable to petitions brought under that statute. *See Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). Under this exhaustion requirement, "federal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by a trial on merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

Only when the Mississippi Supreme Court has had a fair opportunity to review Neal's equal protection claim may he meet the exhaustion requirement. *Overbey v. Miss. Dep't of Corr.,* 2017 WL 4274860, at *3 (N.D. Miss. Sept. 26, 2017); *see also Rome v. Kyle*, 1994 WL 708768, at *3 (5th Cir. Nov. 30, 1994). The petitioner has not properly raised this claim in the state's highest court; as such, the claim will be dismissed without prejudice.

---

[6] To the extent Neal's equal protection claim challenges state venue law, it may be dismissed with prejudice. An allegation that a state court is misapplying its own law does not establish a basis for *habeas corpus* relief. *Wansley*, 769 F.3d at 312 (citations omitted); *see also Edwards* 882 F.2d at 164 (citing *Pulley*, 465 U.S. at 41 ("A federal court may not issue the writ on the basis of a perceived error of state law.")).

Though Neal has pursued various parole claims through several state and administrative avenues, he has not *properly* raised *this* equal protection claim with the Mississippi Supreme Court. He filed a grievance with MDOC ARP requesting an updated time sheet with a parole eligibility date. The grievance was denied, and, upon judicial review, the Mississippi Court of Appeals affirmed MDOC's decision and venue transfer. Though Mississippi Court of Appeals addressed and dismissed *one* of Neal's equal protection arguments, the instant petition for writ of *habeas corpus* involves a *different* equal protection claim regarding the transfer of venue.[7] **Exhibit E**; Doc. 10-2 at 281 (SCR, Marshall County Circuit Court, 2023-42, MEC Doc. 41); *see also* Doc. 1. at 14.

In the present case, Neal argues that "the state's statutory venue rule [is] not being consistently applied, not being uniformly applied, not being regularly adhered to, nor regularly enforced." Doc. 1 at 14. He alleges that "the State of Mississippi has 'demonstrated unfairness between [Neal]-a black prisoner-and another Plaintiff and Appellant [Jessie D. Boyett, Jr.]-a white prisoner on appeal." Doc. 1 at 13. In *Boyett v. Cain*, 397 So. 3d 481, 484 (Miss. 2024), the Mississippi Supreme Court determined that Hinds County, indeed, erroneously dismissed Boyett's complaint as having been filed in an improper venue. However, the dismissal was nonetheless valid because the county court had properly dismissed Boyette's claim for *lack of jurisdiction* – for failure to exhaust administrative remedies. Thus, the *Boyette* decision does

---

[7] The Mississippi Court of Appeals dismissed Neal's *original* equal protection argument (whether the Marshall County Circuit Court's dismissal of the case was "clearly erroneous," thus violating the Neal's right to "due process" and "equal protection of law") because he did not allege that he was in a protected class. *Neal*, 401 So. 3d at 194. That equal protection claim is exhausted and meritless (as is his ex post facto claim – both having proceeded through the proper channels to the Mississippi Supreme Court, which denied certiorari). However, the present equal protection venue claim remains unexhausted.

- 11 -

not apply in the present case because it did not rest on venue, but on exhaustion.

As to the equal protection argument in the present petition, after the trial court order was entered transferring venue to Marshall County, Neal argued that Hinds County was, instead, the proper venue. Doc. 10-2 at 195–200 (SCR, Marshall County Circuit Court 2023-42, MEC Doc. 6). The Mississippi Court of Appeals held that, under state law, venue was proper in *either* county. *Neal*, 401 So. 3d at 192. Again, a state court's interpretation of its own law is not subject to *habeas corpus* review. *Wansley*, 769 F.3d at 312. Neal contends that a "disparity in treatment" exists "between classes of individuals who[se] situations are arguably indistinguishable." Doc. 1 at 12. However, Neal has not exhausted his new equal protection claim challenging the transfer of venue, and that claim may be dismissed without prejudice.

### Neal's Ex Post Facto Claim Is Without Substantive Merit

Neal alleges due process, equal protection, and ex post facto violations by MDOC in denying him an updated time sheet with a parole eligibility date based on amendments to the parole laws. However, as discussed in detail above, Neal has never been eligible for parole.

He nonetheless raises an ex post facto argument based on the 2021 and 2024 amendments, which the court will address specifically. To invoke violation of the Ex Post Facto clause, Neal must show that the parole eligibility statute "is both (1) retrospective and (2) more onerous than the law in effect at the time of the offense." *Weaver v. Graham*, 450 U.S. 24, 30 (1981). Neal was not eligible for parole at the time of his crime in 2006 or at the time of his conviction in 2007, and he remains ineligible for parole under the current version of the parole statutes. *See* Miss. Code Ann. § 47-7-3(1)(g)(Rev. 2005); § 47-7-3(1)(d)(Rev. 2021); and § 4-7-3(1)(d)(Rev. 2024). No version of the relevant statute allows parole for Neal's murder conviction. He thus has not shown that the changes in the parole statutes are "more

- 12 -

onerous" now than at the time of his crime and conviction.   *Weaver*, 450 U.S. at 30.   For this reason, his ex post facto claim must also be dismissed with prejudice for want of substantive merit.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice for want of substantive merit.[8]   A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of November, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[8] As discussed, the instant petition could be dismissed for multiple reasons.   However, all grounds for relief are based upon Neal's mistaken belief that he is eligible for parole.   Hence, as that basis for dismissal is clear, the court bases its decision on want of merit.   The district court has discretion to deny a petitioner's claim on the merits, even though the claim has not been exhausted in state court.   *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (dismissing an unexhausted claim included in a "mixed petition.")